SORONDO, Judge.
Todd D. Jones (husband) appeals to this Court the lower court’s Order on Modification of Final Judgment and Relocation.
The parties were divorced on October 1, 1993 in Dade County. There was one minor child of the marriage (now age 8). The Final Judgment ordered shared parental responsibility, designated the husband as the primary residential parent subject to visitation, contact and access rights awarded to the wife, Jennifer Jones, and prohibited the wife’s then boyfriend, now husband, Peter Newton-John, from being within 150 feet of the parties’ minor child.
In April 1994, the husband and the minor child moved to Tampa, Florida. In May 1994, the wife filed a Motion for Emergency ■ Injunctive Relief and a Motion for Contempt. The lower court reserved ruling on the latter and did not rule on the former. In May 1995, the husband filed a Petition for Modification of Final Judgment, seeking to modify the visitation, contact and access schedule based upon his relocation to Tampa. This Petition remained pending before the lower court for over one year. In July 1996, the wife filed a Petition to Modify Final Judgment, seeking modification of the primary residential custodial parent designation and removal of the restriction prohibiting Peter Newton-John from having contact with the minor child, as well as a finding of contempt for the alleged violations of the Final Judgment by the husband.
The hearing on both parties’ modification petitions was held in August 1996. Because neither party appealed the Final Judgment of Dissolution of Marriage, the lower court was bound by the factual findings contained therein. In its Order on Modification of Final Judgment, as pertinent here, the trial court denied the husband’s “retroactive request” for permission to relocate because it was in the best interest of the minor child that the husband immediately return with the minor child to Dade County. This appeal followed.
The question presented to us is whether the husband violated the conditions imposed by the Final Judgment by moving to Tampa with his minor child without seeking leave of court. We begin our analysis by reviewing the exact language of the Final Judgment. As pertinent to the issue before us, it reads as follows:
F. Neither party shall remove the child from the State of Florida for a period in excess of fifteen days without the written consent of the other party or an Order of this Court.
G. If the child is removed from the Dade, Broward and Palm Beach Tri-County are [sic] for a period in excess of twenty-four hours, then the removing parent shall provide the non-moving parent an itinerary including addresses and phone numbers of where the child will be during the period of absence.
The first, and simpler, question we address is whether the husband violated the requirements of paragraph G of the Final Judgment. The trial court provided that before removing the child from the “Tri-County” area for a period in excess of 24 hours, notice would be given to the non-removing parent. The exact requirements of the notice are clearly explained. The husband provided the wife with notice of his intended move to Tampa one week before moving. The notice given satisfied the requirements of the Final Judgment.
The next question is whether paragraph F of the Final Judgment required the husband to seek the court’s permission to relocate to Tampa. We conclude that it did not. The *434 language of the Final Judgment clearly requires leave of court, or permission from the other party, only where the child is to be taken outside the State of Florida. The Final Judgment in this case is 19 pages long. It is a meticulously drafted and well-reasoned analysis of virtually every relevant aspect of the parties’ marital lives. Had the trial judge intended to restrict the husband’s ability to relocate within the State of Florida, no doubt she would have so indicated. To the contrary, the only limitation she imposed was on out-of-state movement.[1]
Even if we were to conclude that the relocation issue was properly before the trial judge in August of 1996 we would nevertheless be compelled to reverse. In Russenberger v. Russenberger, 669 So.2d 1044 (Fla. 1996), the Florida Supreme Court held that a primary custodial parent’s desire to relocate “for a well-intentioned reason and a well-founded belief that relocation is best for the well-being of that parent and the [child], rather than a vindictive desire to interfere with the visitation rights of the other parent” should ordinarily be approved. In this case, the husband considered moving to Tampa to be closer to his girlfriend. He began to make job inquiries in Tampa, when, unexpectedly, his Miami employer discovered his intentions and discharged him. The husband did, in fact, find employment in Tampa, marry his girlfriend and purchase a home in the Tampa area. We are unconvinced that there is sufficient evidence in this record to establish that the husband’s intent in relocating was motivated by a vindictive desire to interfere with the wife’s visitation rights.
Since the husband’s relocation to Tampa in April of 1994, he has built a new life for himself and his daughter. His present wife, a law professor at the time of the relocation, abandoned her teaching career and returned to the private practice of law. During the lengthy time that the former wife allowed the issue of relocation to languish, the present wife has built this private practice for her own benefit, as well as the benefit of her husband and his daughter. Their home in Tampa is described by the child’s guardian ad litem as a lovely home in an affluent neighborhood on Davis Island in Tampa. The guardian goes on to describe the attractive details of the home and the minor child’s bedroom. In short, the husband and his new wife have made a monumental effort to improve their own and the child’s life, and have apparently succeeded in doing so. We do not find that there is competent substantial evidence in this record to rebut the Russenber-ger presumption favoring relocation.
We reverse those portions of the trial court’s Order on Modification of Final Judgment and Relocation which compel the husband to return to Dade County. Because the trial court ordered visitation based on its conclusion that the husband would relocate to Dade County, we remand to the trial court for the establishment of a meaningful visitation schedule that is consistent with the husband’s continued residence on the west coast of Florida.

. We note that counsel for Ms. Jones conceded, at the April 29, 1994 hearing, that “there was no requirement in the final judgment for dissolution of marriage that required him to file any documents” prior to relocating within the state.